UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BLEACH, INC.,<br><br>Applicant. | Case No. 24-mc-80021-PCP<br><br>**ORDER GRANTING EX PARTE APPLICATION**<br><br>Re: Dkt. No. 1 |

## BACKGROUND

Pursuant to 28 U.S.C. § 1782, applicant Bleach, Inc. moves ex parte for an order authorizing limited discovery from X Corp. for use in a future civil proceeding in Japan. Bleach alleges that an anonymous X user reposted the statement "Bleach, Inc. is shit" on the social media platform X. Bleach's Japanese attorney, Tomohiro Kanda, asserts that the repost constitutes a reputational tort under Articles 709 and 710 of the Civil Code of Japan. Dkt. No. 1-2.

In order to file a civil lawsuit in Japan, however, the identity of the X user must be known. Bleach thus filed an ex parte application in this Court under § 1782 to seek personally identifiable information of the X user. Bleach hopes to serve X Corp. with a subpoena ordering it to provide documents showing the name, address, email address, and telephone number associated with the X account as well as the access logs (including timestamps, IP addresses, and port numbers) of the X account from September 17, 2023 until the date of document production. Dkt. No. 1, at 13.

## LEGAL STANDARDS

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a

foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a). The Supreme Court has identified four factors to be considered by a district court when exercising discretion to authorize discovery pursuant to § 1782: (1) whether the entity from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

An applicant need not "show that United States law would allow discovery in domestic litigation analogous to the foreign proceeding." *Id.* at 263. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here. Comparisons of that order can be fraught with danger." *Id.* The fear of considering § 1782 applications on an ex parte basis is minimized because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Granting ex parte applications under § 1782 only authorizes discovery, meaning that opposing parties can still raise objections and file a motion to quash after the application is granted. *Id.*

## ANALYSIS

Bleach has met the three requirements set out in 28 U.S.C. § 1782(a). First, X Corp. is headquartered in San Francisco, California (within San Francisco County), and thus resides in this District. Second, per Bleach's and Kanda's assertions, a civil complaint will be filed in Japan and discovery is being sought for use in that foreign tribunal. *See Intel*, 542 U.S. at 259 (rejecting the argument that § 1782 only applies when foreign proceedings are pending or imminent, instead holding that § 1782 "requires only that a dispositive ruling … be within reasonable contemplation"). And third, the application is being made by the prospective litigant Bleach in that

2

foreign proceeding. *See id.* at 256 (expressing "[n]o doubt [that] litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782").

The discretionary *Intel* factors also support granting the ex parte application. First, X Corp. will not be a party in the prospective civil lawsuit (only the X user will be), so the material requested in the subpoena would not otherwise be easily obtainable from X Corp. in the future Japanese proceeding. *See In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). Second, Japanese courts are generally receptive to U.S. federal court assistance, and there is no evidence to the contrary showing that the Japanese tribunal would reject such discovery. *See, e.g., In re Med. Corp. H&S*, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021). Third, nothing in the record suggests that Bleach is attempting to circumvent foreign proof-gathering restrictions through this ex parte application. *In re Google Inc.*, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018). Fourth, and finally, the discovery request here is narrowly tailored and does not suggest that Bleach is engaged in a broad fishing expedition. *In re Ex Parte App. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Rather, the proposed subpoena seeks to identify basic identifying information of the X user and access log data associated with the X account from September 2023 onwards. The narrow time period within which Bleach requests such access log data appears reasonable because the names and addresses on file with the X account may be fictitious and insufficient alone to identify the X user.

## CONCLUSION

For the foregoing reasons, the Court grants Bleach's ex parte application and authorizes limited discovery from X Corp. pursuant to 28 U.S.C. § 1782. The Court permits Bleach to serve the subpoena for document production upon X Corp. as presented in its application.

**IT IS SO ORDERED.**

Dated: April 30, 2024

P. Casey Pitts
United States District Judge

3